Jeffrey PANOZZO, Plaintiff–Appellant,

v.

S.A. RHOADS, Individually and as Chief of Police of the Village of East Hazel Crest, et al., Defendants–Appellees.

No. 89–2443.

United States Court of Appeals, Seventh Circuit.

Argued March 2, 1990.

Decided June 6, 1990.

Rehearing Denied June 20, 1990.

this Act...."

Carl M. Walsh, Lonny B. Ogus, Chicago, Ill., for plaintiff-appellant.

Ross J. Peters, Richard A. Cowen, Marcia E. Doane, Cowen, Crowley & Nord, John B. Murphey, Lisa A. Lett, Rosenthal, Murphey, Coblentz & Janega, Chicago, Ill., Thomas A. Brown, Warren L. Swanson, Swanson & Brown, Palos Heights, Ill., for defendants-appellees.

Before CUMMINGS, POSNER, and EASTERBROOK, Circuit Judges.

CUMMINGS, Circuit Judge.

Jeffrey Panozzo was fired from his job as a police officer for the Village of East Hazel Crest, Illinois ("the Village") on July 3, 1985. He subsequently instituted this action in federal district court under 42 U.S.C. § 1983 against the Village Chief of Police, S.A. Rhoads, four of the Village Trustees, and the Village itself. The complaint contained three counts. The first,

the Section 1983 count, alleged that Panozzo was deprived of his position without due process of law. Counts II and III were pendent state law claims, one for breach of contract and the other for retaliatory discharge.[1] The defendants moved for summary judgment on all three counts. The district court referred the case to a magistrate, who recommended that summary judgment be granted on the retaliatory discharge count and denied on the Section 1983 and breach of contract counts. The district judge declined to follow the magistrate's recommendation and instead granted the defendants' motion for summary judgment on the Section 1983 count and dismissed the pendent counts II and III for lack of subject matter jurisdiction. 711 F.Supp. 941 (N.D.ILL.1989).[2] We affirm.

## I. Standard of Review

■ We review a district court's decision to grant summary judgment *de novo,* applying the same standard as that employed by the district court. *McMillian v. Svetanoff,* 878 F.2d 186, 188 (7th Cir.1989); *Wolf v. City of Fitchburg,* 870 F.2d 1327, 1329 (7th Cir.1989). Therefore the grant of summary judgment will be affirmed unless Panozzo can demonstrate, by specific factual allegations, that there is a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265. In other words, in order to prevail, Panozzo must demonstrate that there is sufficient evidence to support a jury verdict in his favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202.

## II. Factual Background

Panozzo was employed as a police officer by the Village of East Hazel Crest from 1978 to 1985. His regular duties required him to testify in court from time to time. On July 2, 1985, Panozzo failed to make a scheduled court appearance. The record indicates that he had previously missed other scheduled court appearances. Pl. Dep. at 480. On this occasion he later called the office to say that he would not be reporting for his regular work shift that day. Shortly thereafter Police Chief Rhoads telephoned Panozzo and ordered him to report for his regular shift in order to be examined by a doctor at an appointment that Rhoads had scheduled on Panozzo's behalf. Panozzo called back later to say that he would not be coming in because he did not have transportation and because he had talked to his lawyer who had advised him that the Chief's order "was not a lawful order."

Later that day Rhoads prepared a memorandum to Panozzo notifying him that he was suspended without pay as a result of several violations of the Village of East Hazel Crest Personnel Policy ("the Policy"). The memorandum charged Panozzo with violating four specific sections of the Policy.[3] In addition, the memorandum informed him that a hearing had been scheduled for the following day at 1 p.m. to afford him an opportunity to "show cause why disciplinary action should not be taken * * * or to provide an explanation for the above violations."

Panozzo appeared at approximately 1 p.m. the next day and met with Rhoads. According to Panozzo's own deposition recounting the events of the meeting, Rhoads repeatedly offered Panozzo the opportunity to present his side of the story but Panozzo declined to respond. Panozzo contends

---

1. The record contains an allegation by Panozzo that Rhoads had illegally prepared and administered a department examination. The allegation was published in a local newspaper. According to Panozzo, Rhoads said that he would discipline the officer responsible for the press report.

2. The breach of contract and retaliatory discharge claims (counts II and III) have been refiled in the Circuit Court of Cook County and are currently pending.

3. The violations all related to Panozzo's conduct on July 2, 1985.

> Section 5.09.00 SICK LEAVE: Failure to produce a physician's statement as required.
> Section 7.03.00 COMPLIANCE WITH ORDERS: Failure to comply with a lawful order.
> Section 7.05.01 NEGLECT OF DUTY: Failure to report.
> Section 7.05.02 PROMPT RESPONSE TO ORDERS: Failure to comply with a lawful order.

that he asked for a continuance in order to arrange to have his attorney represent him at the hearing. Rhoads apparently agreed to a one-hour continuance but Panozzo countered that one hour would not be enough time since his attorney was in the midst of a trial that day. The meeting then ended and Rhoads prepared a letter to Panozzo terminating his employment.

Panozzo's written attempt to appeal Rhoads' decision to the Village Board of Trustees was denied on the grounds that it was untimely and failed to set forth the facts upon which it was based.

### III.  Discussion

■ To counter the defendants' motion for summary judgment successfully, Panozzo had to demonstrate that he had a constitutionally protected property interest and that he was deprived of that interest without adequate due process of law by individuals acting under color of state law. For the purpose of their summary judgment motion the defendants conceded that Panozzo's interest in retaining his position as a police officer was a constitutionally protected property interest. This concession is fully supported by the case law. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84

L.Ed.2d 494; *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548.[4]

■ Because Panozzo was deprived of a constitutionally protected property interest, he was entitled to due process of law. "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484. In the context of termination of a tenured public employee, the Supreme Court held in *Loudermill* that prior to termination the employee "is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." 470 U.S. at 546, 105 S.Ct. at 1495. The Court condoned abbreviated pre-termination processes where full post-deprivation processes are available. *Id.* at 545, 105 S.Ct. at 1495. (" '[S]omething less' than a full evidentiary hearing is sufficient * * *."), quoting *Mathews v. Eldridge*, 424 U.S. 319, 343, 96 S.Ct. 893, 907, 47 L.Ed.2d 18. Full post-deprivation processes are available under the provisions of the Village Personnel Policy, which provide a right to appeal any disciplinary action. Policy Article IX.[5] The parties

---

4. These cases hold that the property interest at issue must arise from existing state or municipal rules or understandings. At the time of Panozzo's termination the Village Personnel Policy was in effect. That Policy provides that disciplinary action including termination is valid only if the affected employee is provided with adequate notice of such action:

*Notice of Disciplinary Action*

Disciplinary action is valid only if a written notice is served on the employee and filed with the President [of the Village Board of Trustees] and Board of Trustees as soon as possible, but in no case later than seven working days after the date of such action. The notice shall be served on the employee personally or by certified letter, and shall include:

A.  A statement of the nature of disciplinary action.

B.  The effective date of the action.

C.  A statement of cause, citing the rule violated.

D.  A statement in ordinary and concise language of the act or omission on which the causes are based.

Policy, Def. Br. at A–5.

This language creates a constitutionally protected property interest under *Loudermill.* Hence the defendants' concession on this point is warranted.

5. Panozzo contends that the denial of his appeal deprived him of his constitutional right to a full post-deprivation hearing. The district court correctly rejected this argument. The Village Policy clearly states that the Board will entertain only those appeals that specifically state the facts upon which they are based and are filed with the President of the Village Board of Trustees and the Board itself within ten days of receipt of notice of the disciplinary action. Policy, Def. Br. at A–5.

Panozzo initially sent his appeal request to the wrong municipality. On Friday, July 12, 1985, the tenth day following his receipt of notice of his dismissal, Panozzo brought several copies of his appeal request to the Police Department. A police officer delivered them that evening to the mayor and some of the trustees. During the next Executive Session on July 17, 1985, the President and the Board of Trustees decided to deny the request for an appeal on the grounds that the request did not specifically set forth the

agree that the *Loudermill* standards apply to this case. They only disagree on whether those standards were met.

■ The magistrate determined that the due process requirements of *Loudermill* were not satisfied. First, the magistrate found that Panozzo's receipt of the notice of the pre-termination hearing less than a day in advance was insufficient to satisfy the *Loudermill* notice requirement. The district judge correctly rejected this determination, noting that even shorter periods between notice and hearing have been deemed sufficient by circuit courts applying *Loudermill.* See *Riggins v. Board of Regents of the University of Nebraska,* 790 F.2d 707 (8th Cir.1986) (oral notice received at hearing); *Kelly v. Smith,* 764 F.2d 1412, 1414 (11th Cir.1985) (same); *Brasslett v. Cota,* 761 F.2d 827, 836 (1st Cir.1985) (same).[6] If oral notice given while a hearing is progressing is sufficient to satisfy due process, then explicit written notice received the night before the scheduled hearing is certainly sufficient.

■ Second, the magistrate suggested that Panozzo was not given an adequate explanation of the Village's evidence against him. Panozzo relies heavily on the district judge's concession that the Village's explanation may not have been adequate. In his order of May 10, 1989, the district judge stated:

> Perhaps the Magistrate correctly concluded that defendants violated due process by failing to inform Panozzo of the facts underlying the charges against him. Nonetheless, regardless of whether such conduct constitutes a due process

violation, qualified immunity shields defendants from liability.

711 F.Supp. at 944.

We decline to reach the question of whether the defendants here were qualifiedly immune, since we find that Panozzo was given an adequate explanation of the Village's evidence against him. The July 2 notice, see *supra* note 3, explicitly informed Panozzo of the rules he had allegedly violated. The circumstances surrounding these violations were themselves a sufficient explanation of the Village's evidence against him. In a recent Third Circuit case a police officer was dismissed after failing a urinalysis test. *Copeland v. Philadelphia Police Department,* 840 F.2d 1139, 1145 (3d Cir.1989), certiorari denied, — U.S. ——, 109 S.Ct. 1636–1637, 104 L.Ed.2d 153. The officer contended that the department had provided him with "virtually no information concerning the evidence against him." The court held that the officer's awareness of the reason for the test, together with the notification that he had failed the test, provided him with a sufficient explanation of the evidence against him. Panozzo, like the officer in *Copeland,* was afforded an adequate explanation of the evidence against him because the allegations themselves were sufficient to notify Panozzo of the evidence on which they were based.

■ Finally, the magistrate found that Panozzo was given insufficient time to obtain the services of an attorney to represent him at the hearing in derogation of the Police Department Manual's guarantee of such representation.[7] Panozzo contends

---

facts upon which it was based and that the request was not filed with the proper parties within the ten days allotted by the Policy. This decision was ratified at the next regular meeting on July 24, 1985.

The district court was correct in concluding that the Village was entitled to "erect reasonable procedural requirements for triggering the right to an adjudication * * * ." *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 437, 102 S.Ct. 1148, 1158, 71 L.Ed.2d 265. The district court was therefore correct in concluding that the decision to deny Panozzo an appeal did not violate his right to due process.

6. Panozzo's reliance on *In re Center Wholesale, Inc.,* 759 F.2d 1440 (9th Cir.1985), is inapposite since that case does not involve a pre-termination hearing.

7. Chapter 8.02 of the Manual provides:

> If the complaint is of such a nature that more than three (3) days suspension is sought as a disciplinary measure, the employee will be provided a written document outlining the nature of the charges, the person responsible for the investigation of the charges and the names of any parties that may be present during the investigative sessions. The officer will be afforded a reasonable period of time to secure legal counsel, at his own expense,

**140**

that this effectively denied him the assistance of counsel and that such denial violates due process. The district judge correctly rejected this argument on the grounds that an employee has no constitutional right to counsel at a pre-termination hearing. *Buschi v. Kirven*, 775 F.2d 1240, 1254–1256 (4th Cir.1985). States and municipalities are of course free to provide greater procedural protections than those offered by the federal constitution, but it does not follow that these enhanced protections enlarge federal rights. The district judge correctly noted that local rules " 'do not act as a ratchet tightening the Due Process Clause.' " 711 F.Supp. at 944, quoting *Jones v. Board of Education*, 651 F.Supp. 760, 766 (N.D.Ill.1986).

■ Panozzo raises one additional objection to the hearing that he was provided. He contends that it is a denial of due process to allow the same person who brings the charges to preside at the hearing. The Supreme Court has indeed expressed the need for an impartial decision-maker in order to satisfy the due process requirements of a hearing. *Ward v. Village of Monroeville*, 409 U.S. 57, 59, 93 S.Ct. 80, 82, 34 L.Ed.2d 267; *Tumey v. Ohio*, 273 U.S. 510, 522, 47 S.Ct. 437, 440, 71 L.Ed. 749. These decisions involved judges whose alleged lack of impartiality was the result of a financial conflict of interest. If instead the alleged lack of impartiality arises because a decision-maker is involved in both the investigation and the adjudication of a dispute, the Court has held that the decision-maker may not be presumed to be unconstitutionally biased. *Withrow v. Larkin*, 421 U.S. 35, 53–54, 95 S.Ct. 1456, 1467–1468, 43 L.Ed.2d 712. Rather, the plaintiff must overcome the presumption that the decision-maker is "[a person] of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances." *Id.* at 55, 95 S.Ct. at 1468. Panozzo has not offered any evidence that Chief Rhoads failed to meet this standard; therefore this argument must fail. See

and a record will be made of the interrogation with the officer receiving a copy of such

also *Duchesne v. Williams*, 849 F.2d 1004, 1008 (6th Cir.1988), certiorari denied, —— U.S. ——, 109 S.Ct. 1535, 103 L.Ed.2d 840; *Brasslett v. Cota*, 761 F.2d 827, 836–837 (1st Cir.1985) (both Circuits explicitly rejecting the argument that due process is violated if the pre-termination hearing is conducted by the individual or individuals responsible for initiating the disciplinary action).

### IV. Conclusion

Prior to his termination, Jeffrey Panozzo was given written notice of the charges against him and an opportunity to tell his side of the story. His constitutionally guaranteed right to due process was therefore not violated. Without such a constitutional violation he cannot maintain a cause of action under 42 U.S.C. § 1983. The judgment of the district court is affirmed.