920 F.2d 935
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Torrence T. TILLMAN, Plaintiff-Appellant,
v.
Jack R. DUCKWORTH, Warden, Sergeant E. J. Brown and Ed
Vaneck, Counselor, Defendants-Appellees.
 No. 90-1309.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 20, 1990.*
Decided Dec. 5, 1990.
Rehearing and Rehearing En Banc Denied Dec. 26, 1990.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and GRANT, Senior District Judge.**
 
 ORDER
 
 2
 Plaintiff-appellant Tillman appeals from the district court order granting defendants' motion for summary judgment.[1] Tillman claims defendants failed to provide adequate evidence to support their motion for summary judgment because only one defendant submitted an affidavit. Tillman also contends that the district court erred in failing to grant his motion to strike defendants' summary judgment motion because the exhibits attached were not properly authenticated.
 
 A. The Summary Judgment Motion
 
 3
 Our review of the district court decision on summary judgment is de novo. Panozzo v. Rhoads, 905 F.2d 135, 137 (7th Cir.1990). Therefore, we will overturn the district court's order of summary judgment for the defendants only if Tillman demonstrates that there is a genuine issue of material fact or that the defendants are not entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Tillman has not met this burden and we decline to reverse the district court.
 
 
 4
 Tillman brought suit under 42 U.S.C. Sec. 1983 alleging that he was denied due process in a prison disciplinary proceeding. The defendants responded by submitting a motion for summary judgment contending that the procedures complied with the requirements of Wolff v. McDonnell, 418 U.S. 539 (1974). In support of their argument, defendants submitted an affidavit of a prison official outlining the procedures afforded to Tillman prior to and during his disciplinary hearing.
 
 
 5
 Tillman did not respond to defendants' motion. Rather, he now challenges the sufficiency of the defendants' evidence supporting summary judgment because two of the defendants did not submit affidavits. However, Federal Rule of Civil Procedure 56(e) does not require an exhaustive compilation of affidavits. The affidavit submitted by defendants, along with the pleadings and admissions on file are sufficient to show that no genuine issue of material fact exists. Mestayer v. Wisconsin Physicians Service Ins. Corp., 905 F.2d 1077, 1079 (7th Cir.1990), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The affidavit defendants submitted describes the procedures provided to Tillman that satisfy the procedural requirements outlined in Wolff.[2]
 
 
 6
 Tillman did not offer any specific factual evidence that would substantiate the existence of a genuine issue of material fact by detailing specific material deviations from the Wolff requirements. Tillman therefore failed to meet his rule 56 burden. Id. at 1080. The district court correctly granted summary judgment to the defendants.
 
 
 7
 B. The Motion to Strike the Summary Judgment Motion
 
 
 8
 Tillman also challenges the district court's failure to grant his motion to strike defendants' summary judgment motion. It appears that the exhibits attached to defendants' brief in support of their motion for summary judgment are not authenticated. However, the district court did not rely on the information contained in the disputed exhibits and as we have noted above, the affidavit alone was sufficient to support defendants' motion for summary judgment.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 Appellant Tillman also moves this court for Certification of Questions of State Law pursuant to Circuit Rule 52. However, Appellant failed to raise any issue of state law that would control the outcome of this case. Therefore, we deny his motion
 
 
 [2]
 Appellant argues in his brief that the procedures mandated by Wolff do not apply and contends that Indiana law provides the controlling procedural requirements for prison disciplinary hearings. However, Appellant brings this action under 42 U.S.C. Sec. 1983 claiming that his Federal Constitutional rights were violated; Wolff is the controlling United States Supreme Court case which outlines the procedures required by the Federal Constitution