925 F.2d 1468
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Isiah EVANS, III, Petitioner/Appellant,
v.
Gary L. HENMAN, Respondent/Appellee.
 No. 89-1668.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 14, 1991.*
Decided Feb. 20, 1991.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 After an Institutional Disciplinary Committee (IDC) hearing, Isiah Evans, III, an inmate at the federal penitentiary in Marion, Illinois, was found guilty of sexual assault and refusing to follow an order. The IDC's decision was affirmed by the Regional Director.[1]
 
 
 2
 Evans then filed a petition for habeas corpus pursuant to 28 U.S.C. Sec. 2241 alleging violations of due process at his disciplinary hearing. Evans alleged that the IDC panel was not impartial, that the IDC failed to consider evidence favorable to his alibi defense, that the evidence was insufficient to support the IDC's findings, and that the assigned staff representative failed to provide adequate assistance. After the respondent filed a motion for summary judgment, Magistrate Frazier made a report and recommendation that the summary judgment be granted, to which Evans filed objections. The district court judge, having reviewed the recommendation de novo, adopted the magistrate's recommendation and granted the respondent's motion for summary judgment. On appeal, Evans asserts that the district court erred in granting the respondent's motion for summary judgment by failing to address necessary issues, by deciding issues of fact, and by failing to consider the violations of 28 C.F.R. Sec. 541.17 that Evans alleged in his complaint.[2]
 
 I. FACTS
 
 3
 On May 28, 1987 at 11:15 a.m., an inmate at the federal penitentiary in Terre Haute[3] entered the office of Dr. Cindy Williams, a staff psychologist, in order to return some Alcoholics Anonymous literature. When Dr. Williams asked him to leave, he lunged at her, hit her in the face, grabbed her around the neck, tried to put his hand down her pants, and tried to kiss her. Believing that her body alarm had been activated, he grabbed the alarm and left the office. Staff members responded to the alarm at 11:28. Dr. Williams identified her attacker as Isiah Evans. At 11:35 the prison guards found Evans, who indicated that he was involved in some trouble that did not involve fellow inmates. Evans was photographed at 11:40, and Dr. Williams again identified him as her assailant minutes later. She then prepared her report.
 
 
 4
 The evidence before the IDC consisted of the reports of Dr. Williams, Officer Shreeve,[4] who stated that he was off duty on the day of the assault, Officer Frew, who stated that Evans was released for lunch at 11:24--five minutes before he heard the alarm sound, and Officer Thomas, who stated that Evans left for lunch at 11:25. Evans' alibi is that he was in his cell block at the time of the assault. He denied the charge, claiming that he was not able to recall having done anything. After considering all of the evidence, the IDC found Evans guilty. The IDC forfeited 264 days of his statutory good time and placed him in disciplinary segregation for 60 days.
 
 II. ANALYSIS
 
 5
 This court reviews a district court's grant of summary judgment de novo. Panozzo v Rhoads, 905 F.2d 135, 137 (7th Cir.1990). We view the record and all inferences drawn from it in the light most favorable to the party opposing the motion. Holland v. Jefferson Nat'l Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir.1989). We will not overturn the district court's order of summary judgment if the record shows no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law. Wolf v. Larson, 897 F.2d 1409, 1411 (7th Cir.1990). When passing on an IDC decision, the summary judgment standard is whether some evidence supports the disciplinary board's conclusion. Superintendent Mass. Correctional Institution v. Hill, 472 U.S. 445, 455-56 (1985); Viens v. Daniels, 871 F.2d 1328, 1334 (7th Cir.1989). This standard does not require an examination of the entire record. Lenea v. Lane, 882 F.2d 1171, 1175 (7th Cir.1989). Rather, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the IDC. Id. Because the IDC's findings are supported by some evidence, we affirm the district court's grant of summary judgment.
 
 
 6
 On appeal, Evans argues that the district court failed to address each of his issues. However, the record clearly shows that Evans' contention is false and that the district court did address each issue in Evans' complaint. The first issue in his complaint was whether the IDC was impartial. The committee consisted of officials from the United States Penitentiary in Marion and not from Terre Haute, where the assault took place. The district court found that therefore the committee was impartial. Redding v. Fairman, 717 F.2d 1105, 1113 (7th Cir.1983) (due process prohibits only those officials who have a direct involvement in the underlying charge from participating in the disciplinary committee).
 
 
 7
 In his habeas petition, Evans next alleged that the IDC failed to consider evidence favorable to his alibi defense.[5] The evidence in question was the memoranda of Dr. Williams, Officer Frew, and Officer Thomas, which present contrasting statements regarding the timing of Evans' whereabouts on the day of the assault. The district court found that this evidence was before the IDC and that the IDC complied with all of the due process requirements under the test enunciated in Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).[6]
 
 
 8
 Below Evans charged that his staff representative, Ryan G. Tate, failed to adequately represent him by not presenting exculpatory evidence on his behalf. Under Wolff, an inmate is not entitled to representation in a prison disciplinary situation unless the inmate is illiterate or unless the issues involved are complex. Wolff, 418 U.S. at 570. The district court determined that Evans had not shown constitutional entitlement to representation and that therefore he was not denied due process. In any case, the alleged exculpatory evidence consisted of the reports that were, in fact, before the IDC while it was making its determination.
 
 
 9
 The second issue that Evans raises on appeal is that, in passing on the motion for summary judgment, the district court decided conflicting issues of fact regarding the discrepancy in the times in the reports. Evans argues that the evidence was insufficient to support the IDC's decision and insists that the weight of the evidence is in his favor. Two of the reports indicated that he left for lunch at 11:24 or 11:25, as opposed to the victim's report, which had him in her office from 11:15 to 11:28.[7] All of the evidence was considered and weighed by the IDC. The district court does not weigh the evidence in passing on a summary judgment motion. Furthermore, it is not the job of the federal courts to reweigh evidence or to second-guess the IDC's decision as long as there is any evidence in the record to support the disciplinary board's decision. Hill, 472 U.S. at 445. Dr. Williams' report provides such evidence upon which the IDC based its decision to satisfy the Hill requirement. In his last issue on appeal, Evans states that the district court failed to consider his claims that the IDC violated 28 C.F.R. Sec. 541.17(b), (c), and (f). The substance of these provisions relate to the staff representative, Section 541.17(b), an inmate's entitlement to make a statement, to present documentary evidence in his own behalf, and to submit names of witnesses, Section 541.17(c), and the requirement that the Discipline Hearing Officer consider all evidence, basing his decision on the greater weight of the evidence, Section 541.17(f). However, in a habeas petition, the petitioner must show a violation of the federal constitution in order to obtain relief. Bell v. Duckworth, 861 F.2d 169, 170 (7th Cir.1988). Therefore, the district court did not err in considering only Evans' constitutional claims. In any event, as discussed above, the issues addressed in the regulations were subsumed in the district court's discussion of Evans' due process claims.
 
 
 10
 For all of the above reasons, the decision of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Specifically, the Regional Director found that Evans had notice of the charges, that he had an in-person hearing at which he had an opportunity to call witnesses and present documentary evidence, and that the discrepancies in the evidence which were before the IDC could have been due simply to different clock settings. The Regional Director further noted that the IDC found that the reporting officer's evidence was more credible than Evans'
 
 
 [2]
 Evans listed an additional issue in his brief that "the district court abused its discretion by imposing a state case." Evans is apparently referring to the district court's reliance on Superintendent v. Hill, terming it a state case because it involves state prisoners. However, he articulated no further argument in his brief
 
 
 [3]
 Following the assault, Evans was transferred to the penitentiary at Marion
 
 
 [4]
 Evans called Officer Shreeve as a witness to establish an alibi
 
 
 [5]
 To the extent that Evans now argues that exculpatory evidence that was necessary to adequately prepare his alibi defense was not made available to him before the hearing and therefore he was unable to prepare his defense, this issue is waived on appeal. Gray v. Lacke, 885 F.2d 399, 409 (7th Cir.1989), cert. denied, 110 S.Ct. 1476 (1990). Below Evans' argument was that the IDC did not consider all of the evidence and that his staff representative did not comply with his duties under 28 C.F.R. Sec. 541.17(b) because he failed to request and present the allegedly exculpatory evidence in Evans' behalf. On appeal, however, he couches this issue in terms of the IDC's withholding exculpatory evidence from him that was necessary for his alibi defense. This issue, however, was not before the district court
 
 
 [6]
 The Supreme Court has held that due process rights are protected in a prison disciplinary hearing if the inmate receives: 1) advance written notice of the disciplinary charges; 2) an opportunity to call witnesses and present documentary evidence, providing doing such does not jeopardize institutional safety and correctional goals; and 3) a written statement of the evidence relied on and the reasons for the disciplinary action. Wolff, 418 U.S. at 563-67
 
 
 [7]
 Evans now suggests that it was physically impossible for him to have traveled the distance from his cell to Dr. Williams' office in that short amount of time. This issue was not raised below and is therefore waived on appeal. Colon v. Schneider, 899 F.2d 660, 671 n. 18 (7th Cir.1990)