Walter **SMITH**, Plaintiff,

v.

John **DOHERTY**, Defendant.

No. 91 C 1779.

United States District Court,
N.D. Illinois, E.D.

July 16, 1991.

Katherine S. Mix, Morrison & Mix, Elliot R. Zinger, Chicago, Ill., for plaintiff.

Kelly R. Welsh, Corp. Counsel, City of Chicago by Timothy J. Frenzer, Asst. Corp. Counsel, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Plaintiff Walter Smith alleges that defendant John Doherty, a police officer, deprived him of his constitutional rights in violation of 42 U.S.C. § 1983. In addition, plaintiff asserts two state law claims against defendant, battery and malicious prosecution. Defendant has moved to dismiss these claims pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons stated herein, plaintiff's claims are dismissed without prejudice.

## FACTS

When ruling on a motion to dismiss, the court must accept as true the well-pleaded allegations in a plaintiff's amended complaint. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987). Plaintiff Walter Smith alleges that on or about March 31, 1989, defendant John Doherty, a Chicago police officer, wrongfully arrested him at the residence of Cornelia Turner, where Smith was a guest. Smith claims that, during the course of the arrest, Doherty violently threw him to the floor and pressed a pistol to his ear. Smith, wearing only a bathrobe, was allegedly taken to the police station where he was detained in a jail cell for twenty-three hours. Smith contends that Doherty then falsely and maliciously charged him with two counts of aggravated assault. These charges were eventually stricken without leave to reinstate.

As a result of this incident, Smith claims that he has sustained severe and permanent injuries to his head, body, limbs, and nervous system. These injuries have allegedly burdened Smith with large medical

bills. In addition, Smith argues that his injuries have hindered and will continue to hinder him from managing his own affairs and pursuing his occupation, thereby depriving him of earnings and profits.

Based on these facts, plaintiff brings three claims. First, Smith seeks relief under 42 U.S.C. § 1983. He claims that he was deprived of his constitutional rights under the Fourth and Fourteenth Amendments by defendant Doherty, a police officer who was acting under color of statutes, ordinances, customs, and regulations of the City of Chicago and the State of Illinois. Smith argues that the officer subjected him to an unreasonable search and seizure, an unreasonable deprivation of his liberty, and an unreasonable and excessive use of force. Smith also brings two state law claims for battery and malicious prosecution. Smith requests compensatory and punitive damages as well as attorney's fees and costs of the lawsuit.

### ANALYSIS

#### I. 42 U.S.C. § 1983 Claim

Defendant has moved to dismiss Counts I, II and III. Although Smith's amended complaint remedied some of the objections that Doherty raised with respect to the 42 U.S.C. § 1983 claim in Count I, one difficulty remains. Smith has only identified the suit as one against Doherty in his official capacity. Under that theory, Smith has failed to adequately plead the elements of a § 1983 claim.

■ In a 42 U.S.C. § 1983 suit, a public official can be sued in both his official and individual capacities. A § 1983 lawsuit against a public official in his individual capacity seeks to hold the official personally liable by collecting damages from the official's personal assets. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1237 (7th Cir.1986). In contrast, a § 1983 suit against a public official in his official capacity is treated as a lawsuit against the governmental entity. *Id.* at 1238. "If a plaintiff intends to sue public officials in their individual capacities or in both their official and individual capacities, he should

expressly state so in his complaint." *Kolar v. County of Sangamon of the State of Illinois,* 756 F.2d 564, 568–569 (7th Cir. 1985) (citations omitted); *Holly v. City of Naperville,* 571 F.Supp. 668, 673 (N.D.Ill. 1983). Should a complaint merely contain allegations of conduct of a public official acting under color of state law, it will be presumed that the official has only been sued in his official capacity. *Id.*

■ In this case, plaintiff Smith fails to specify the capacity in which he is suing defendant Doherty. From allegations in the complaint, the court can conclude that Smith is suing Doherty in his official capacity. For example, the complaint alleges that "John Doherty, was, at all times material to this complaint, ... an acting police officer of the City of Chicago...." (Complaint at ¶ 5.) Plaintiff claims that "defendant engaged in the conduct complained of under color and pretense of the statutes, ordinances, regulations, customs, and usages of the City of Chicago and State of Illinois." (Complaint at ¶ 6.) In addition, he states that Smith's constitutional rights were violated "by a police officer acting under color of law." (Complaint at Count I, ¶ 12). These allegations establish that Doherty is being sued in his official capacity. *See Holly,* 571 F.Supp. at 673. However, no mention is made of a suit in Doherty's individual capacity. It is not expressly stated in Smith's complaint that Doherty is being sued in his individual capacity or that he is being sued in both his individual and official capacities. Therefore, the court makes the further determination that Doherty is being sued *exclusively* in his official capacity.

■ Since a § 1983 lawsuit against a public official in his official capacity is considered to be a lawsuit against a governmental entity, "[d]amages may be awarded against a defendant in his official capacity only if they would be recoverable against the governmental entity." *Wolf–Lillie v. Sonquist,* 699 F.2d 864, 870 (7th Cir.1983). In *Monell v. Dep't of Social Services of the City of New York,* the Supreme Court held that a plaintiff seeking to impose liability on a municipality in a § 1983 lawsuit must

demonstrate that he was deprived of his constitutional rights as a result of a municipal policy or custom. *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). The Seventh Circuit has inferred the existence of a municipal policy or custom from "a pattern of conduct or a series of acts" which violate constitutional rights. *Powe v. City of Chicago*, 664 F.2d 639, 651 (7th Cir.1981). A "plaintiff must allege a specific pattern or series of incidents that support the general allegation of a custom or policy; alleging one specific incident in which the plaintiff suffered a deprivation will not suffice." *Henry*, 808 F.2d at 1237. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–824, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985) (where relied upon policy is not express or unconstitutional one specific instance is not sufficient to allege a policy or custom). Indeed, allegations of facts relating solely to a plaintiff's injury suggest that the incident was an isolated event unrelated to municipal policy. *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir.1985).

It is this lack of allegations relating to a municipal policy or custom that is the difficulty with Count I. Smith's § 1983 claim is inadequate because he only alleges facts which relate exclusively to the single incident leading to his lawsuit. Smith does not even attempt to establish any pattern of police conduct. In fact, there is no mention of any additional instances of wrongful police conduct anywhere in his complaint. Nor does he identify any municipal policy or custom. He merely states that the alleged actions were taken under color of the ordinances, regulations, customs and usages of the City of Chicago. Without supporting factual allegations, this statement is nothing more than boilerplate. As such, it is plainly insufficient. *See Hossman v. Blunk*, 784 F.2d 793, 797 (7th Cir.1986); *Strauss*, 760 F.2d at 768. Accordingly, the court dismisses Count I without prejudice.

## II. State Law Claims

Since the court has dismissed plaintiff's federal claim, this court no longer has pen-dent jurisdiction over Smith's state law claims. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Panozzo v. Rhoads*, 711 F.Supp. 941, 945 (N.D.Ill. 1989), *aff'd*, 905 F.2d 135 (7th Cir.1990). Therefore, the court finds it unnecessary to address defendant's arguments with respect to Counts II and III. Count I is dismissed without prejudice for failure to plead the elements set forth in *Monell*. Counts II and III of Smith's complaint are dismissed for lack of jurisdiction.

IT IS SO ORDERED.