**Keith HARRIS, Plaintiff,**

v.

**Kathleen HUSTON, Defendant.**

**No. 97–C–786.**

United States District Court,
E.D. Wisconsin.

June 21, 1999.

Willie J. Nunnery, Nunnery Law Offices, Madison, WI, for plaintiff.

Susan Lappen, Assistant City Attorney, Milwaukee, WI, for defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

After a trial that ended on June 7, 1999, the jury returned a verdict in favor of plaintiff Keith Harris on his remaining claim under 42 U.S.C. § 1983. That claim charged city librarian Kathleen Huston with having violated his right to procedural due process by failing to provide him with an adequate pre-termination hearing before firing him from his job as a custodial worker for the Milwaukee Public Library. The jury agreed with the plaintiff and awarded him $13,518.12 in compensatory damages. That figure would appear to constitute his lost wages and benefits between the date of his termination and the date he was permitted to return to work.

The defendant has submitted a Rule 50 motion based on the defense of qualified immunity. The defendant argues that Mr. Harris did not have a clearly established right to advance notice before his pre-termination hearing of the charges against him. *See Wilson v. Layne,* —— U.S. ——, 119 S.Ct. 1692, 1698, 143 L.Ed.2d 818 (1999).

 The defense of qualified immunity was not raised in Ms. Huston's summary judgment motion which was filed on March 4, 1999. That would have been an appropriate time for the court to have addressed this issue, especially since qualified immunity (if applicable) can operate as a complete bar to suit and is designed to spare government officials the cost and burden of discovery and trial. *Walsh v. Mellas,* 837 F.2d 789, 799 n. 7 (7th Cir.1988). However, Ms. Huston has not waived the defense because she did raise it in motions that she made just before trial and again after verdict. *See Rakovich v. Wade,* 850 F.2d 1180, 1204 (7th Cir.1988) (defendants did not waive qualified immunity defense even though they raised it for the first time in their motion for directed verdict).

 I reserved ruling on the defendant's qualified immunity motion partly because the defendant's tardiness in raising the qualified immunity defense had effectively defeated its goal of sparing a public employee the cost of discovery and trial preparation. In addition, the timing of the defendant's motion precluded the plaintiff's having a reasonable opportunity to file a response and also for the court to study the motion. I now conclude that the defendant's motion for dismissal after verdict must be denied. The defendant's motion deals only with the narrow issue of whether the right to advance notice was clearly established law at the time of Mr. Harris' hearing. It does not address the question whether its hearing was inadequate for other reasons which may have provided an independent basis for the jury's verdict.

With regard to the presence or absence of clearly established law requiring advanced notice, I now believe, under the circumstance of the case at bar, Ms. Huston was not faced with any law that clearly and necessarily required *advanced* notice of the hearing, even though she was surely aware that termination of Mr. Harris' employment was a prospective punishment. The case law supports the premise that even though the plaintiff may have been a man of limited employment skills who had worked as a janitor at the library for many years, and even though the consequences of discharge were cataclysmic to him, it does not follow that the law at the time of his discharge necessitated any type of advance notice in order to meet the requirements of due process. *See, e.g., Panozzo v. Rhoads,* 905 F.2d 135, 139 (7th Cir.1990) (noting that three other circuits—the 1st, 8th and 11th—had upheld the adequacy of notice received while hearing was in progress); *Gniotek v. City of Philadelphia,* 808 F.2d 241, 244 (3d Cir. 1986) (3d Cir.1986) (holding that advance notice is not a *per se* requirement of due process and stating its agreement with the 1st Circuit). I do not necessarily agree with the holdings in these cases, nor are they precisely on point; however, based on these cases a reasonable employer could

conclude that contemporaneous notice to Mr. Harris complied with due process.

It was well established at that time that some type of notice was required to comply with due process. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). The requirement for advance notice in some instances was not made a factual and objective standard until *Staples v. City of Milwaukee*, 142 F.3d 383 (1998). However, there was considerable case law on the issue of the adequacy of notice and, therefore, I was not prepared to rule on it prior to having had an opportunity to study the matter more fully. I was impressed by Judge Aldisert's dissent in *McDaniels v. Flick*, 59 F.3d 446 (3d Cir.1995), wherein he observed that the "fundamental fairness is the hallmark of the procedural protections afforded by the Due Process Clause." *Id.* at 461. Nevertheless, I am unable to conclude now that any advance notice requirement was clearly established at the time of his hearing.

■ Notwithstanding this conclusion, I must nevertheless deny the defendant's motion. The central issue at trial was whether Mr. Harris' pre-termination hearing was consistent with due process. The three critical elements of a sufficient pre-termination hearing are (1) oral or written notice of the charges, (2) an explanation of the employer's evidence, and (3) an opportunity to tell his side of the story. *Staples v. City of Milwaukee*, 142 F.3d 383, 385 (7th Cir.1998) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) and *Gilbert v. Homar*, 520 U.S. 924, 117 S.Ct. 1807, 138 L.Ed.2d 120 (1997)). It was undisputed that Mr. Harris did not receive any notice of the charges against him until his hearing began. There was also evidence from which a jury could have concluded that he did not receive a sufficient explanation of the evidence supporting the charges.

Based on *Staples* and the evidence presented at trial, the court instructed the jury that the plaintiff could prevail by proving one of two things: (1) that he did not receive adequate oral or written notice of the charges against him, or (2) that he did not receive an explanation of his employer's evidence. (The third *Loudermill* element was not submitted to the jury based on the plaintiff's admission that he was given an opportunity to respond to the charges.) The defendant did not object to this instruction.

The defendant's qualified immunity defense focuses solely on a single aspect of element one above—the timeliness of the notice provided. The defendant's argument that the right to advance notice was not clearly established assumes that the only issue before the jury was whether the lack of advance notice violated the plaintiff's right to due process. *See* defendant's Trial Brief 4 (referring to contemporaneous notice issue as "the one remaining issue in the case"). The court's summary judgment decision did not rule that the timing of the notice was the sole issue for trial. The plaintiff has argued before and throughout the trial that other defects apart from the timing of the notice deprived him of due process.

Any lingering misimpression that the timing of the notice was the only issue in the case should have been dispelled by the court's special verdict form and jury instructions. In rejecting question number one of the defendant's proposed special verdict form, which focused solely on the issue of contemporaneous notice, the court informed the defendant that a broader question was appropriate. Question number one of the verdict form submitted to the jury reads: "Did the defendant, Kathleen Huston, violate the plaintiff's constitutional right to due process by failing to provide him with an adequate pre-termination hearing on March 6, 1997?" As mentioned above, the court's liability instruction explained that plaintiff could prevail by proving either that he received insufficient notice or that he did not receive an explanation of the evidence

against him. The defendant made no objection to the court's special verdict form or jury instructions.

Based on the instructions, the verdict form and, most importantly, the evidence, the jury could have reached its verdict for reasons apart from the timing of the notice. Notice can be insufficient not only because of its timing but also because of its content. Thus, on the record before it, the jury could have concluded that the oral notice given at the hearing never sufficiently apprised Mr. Harris of the charges against him. Although there was some testimony to the contrary, the jury was not required to believe it. In addition, the jury could have found for the plaintiff on the related issue of whether the facts of the case established that the plaintiff was afforded an explanation of the evidence against him. There was evidence from which the jury could well have concluded that the disclosure of evidence at the hearing was vague and selective, causing the plaintiff to make uninformed and damaging admissions. Such findings would provide ample basis for the verdict, apart from the question of whether contemporaneous notice was sufficient under the circumstances.

In short, the issue of contemporaneous notice was not the only issue before the jury. There was evidence of other conduct that could have formed an independent basis for the verdict. The defendant did not object to the jury instructions and verdict form that instructed the jury to weigh this evidence. The defendant does not argue that qualified immunity applies to this other conduct. Thus, despite my conclusion that at the time of his discharge Mr. Harris' right to advance notice was not clearly established, it does not justify the entry of judgment notwithstanding the verdict in favor of the defendant.

Therefore, IT IS ORDERED that the defendant's motion for judgment as a matter of law based on the defense of qualified immunity be and hereby is denied.

IT IS ALSO ORDERED that the clerk of this court enter judgment on the jury's verdict in favor of the plaintiff in the amount of $13,518.12, with prejudgment interest thereon, plus reasonable costs and attorney's fees as provided for by law.

IT IS FURTHER ORDERED that the defendant is directed to serve and file her response, if any, to the plaintiff's motion for attorney's fees no later than July 29, 1999, and the plaintiff shall serve and file a reply brief, if any, no later than July 23, 1999.

## JUDGMENT IN A CIVIL CASE

This action came before the Court for a trial by jury, the Honorable Myron L. Gordon, United States District Judge, presiding. The issues have been tried by a jury or heard by the court, the jury has rendered its verdict, and the court has rendered a decision.

IT IS ORDERED AND ADJUDGED that the plaintiff's second and third causes of action be and hereby are dismissed, with prejudice.

IT IS ALSO ORDERED AND ADJUDGED that the plaintiff's claims against the City of Milwaukee and the Board of Trustees of Milwaukee Public Library be and hereby are dismissed, with prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that as to the plaintiff's remaining claim, judgment be and hereby is entered in favor of the plaintiff and against the defendant, and the plaintiff shall recover of the defendant $13,518.12, with prejudgment interest thereon, plus reasonable costs and attorney's fees as provided for by law.